UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUEORGUI PANTCHEV,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>MICHAEL MARTEL,<br><br>　　　　　Respondent. | Case No. 2:17-cv-02807-CJC-JC<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the operative First Amended Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") and all of the records herein, including the June 22, 2020 Report and Recommendation of United States Magistrate Judge ("Report and Recommendation" or "R&R"), and petitioner's June 30, 2020 Objections to the Report and Recommendation ("Objections").

　　　　The Court has made a *de novo* determination of those portions of the Report and Recommendation to which objection is made. The Court concurs with and accepts the findings, conclusions, and recommendations of the United States Magistrate Judge, and overrules the Objections. Although the Court has

considered and overruled all of petitioner's Objections, the Court further addresses certain of petitioner's Objections below.

In his Objections, petitioner again contends that the trial court deprived him of the ability to contest the charges against him by excluding Dr. Shaner's opinion testimony that petitioner did not author the "hush" e-mails. (Objections at 3-4). As explained at length in the Report and Recommendation (R&R at 24-27), the exclusion of Dr. Shaner's testimony did not deprive petitioner of the ability to claim that petitioner did not write the "hush" e-mails – petitioner presented this defense through his own testimony and through his counsel's argument about the discernible differences between the "hush" e-mails and petitioner's known communications.

Relatedly, petitioner also appears to contend that the trial court's refusal to instruct with a third party culpability instruction did not allow the jury to consider petitioner's defense that someone other than petitioner sent the "hush" e-mails. (Objections at 4). The record belies this assertion. The evidence adduced at trial regarding Mason's e-mail and Mason's possible motive for framing petitioner, together with defense counsel's argument that someone other than petitioner sent the "hush" e-mails and the jury instructions given permitted the jury to consider whether the prosecution had proven beyond a reasonable doubt that it was petitioner (and not someone else) who had engaged in witness intimidation. See R&R at 33-34 (discussing same).

Finally, although petitioner takes issue with the Magistrate Judge's reasoning for rejecting his claim that he was denied the right to be present during closing arguments (Objections at 4-5), the Court agrees with the Magistrate Judge's findings, since the record amply establishes that: (1) consistent with <u>Illinois v. Allen</u>, 397 U.S. 337, 342-43 (1970), petitioner forfeited his right to be present during closing argument by his repeated outbursts at trial; and (2) even if petitioner was erroneously excluded from closing arguments, petitioner has not

shown that his absence had a substantial and injurious effect or influence on the jury's verdict since the jury had ample opportunity to view and relate to petitioner throughout trial. See R&R at 45-48 (discussing same).

IT IS THEREFORE ORDERED that the Petition is denied, that this action is dismissed with prejudice and that Judgment be entered accordingly.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on counsel for petitioner and respondent.

IT IS SO ORDERED.

DATED: July 15, 2020

_____
HONORABLE CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE